UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUTH E. FREED,

        Plaintiff,                  CIV. S-03-1007 PAN

     v.

JO ANNE B. BARNHART,             Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—o0o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f).

Defendant found plaintiff was eligible, suffered from back and bilateral knee impairments but no listed impairment, that she cannot perform her past work as a security guard but retains the capacity for light work and, applying the medical-vocational guidelines, that she is not disabled.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Richardson, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. Gonzalez v. Sullivan, supra, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims that as a result of degenerative disc disease she is not capable of light work, defendant erred by finding her neck and should pain were not severe, erred in disallowing use of interrogatories to question an examining physician, erred in failing to consider all of plaintiff's limitations in combination, and erred in rejecting plaintiff's testimony about the limits imposed by pain.

Defendant found that plaintiff's treating physician, Dr. Cole, a physician who examined plaintiff after the hearing, Dr. Phillips, and a consulting physicians agreed plaintiff could perform light work.  Tr. 16.  Plaintiff points to no other medical evidence in the record that would support any other finding.

////

Defendant also found that plaintiff suffers from a disc protrusion at C5-6 shown by an MRI in March 2001.  The MRI was not available to plaintiff's treating physician, Dr. Cole, when he made his findings in October 2000.  It was available to Dr. Phillips when he examined plaintiff in May 2002, two months after the hearing, but the question is whether he saw it.  He said he reviewed extensive records including x-ray reports but did not mention an MRI.  Tr. 326.  Defendant refused plaintiff's request to ask Dr. Phillips exactly what records he reviewed.  Tr. 16-17.  Dr. Phillips found that plaintiff suffered from "acute cervical musculoligamentous strain or sprain," (Tr. 328) not disc protrusion shown on the MRI and this suggests he did not see the MRI (or did but silently disagreed with the prior interpretation).

As defendant based her most crucial findings on the opinion of a physician who plainly did not see an MRI showing a cervical disc protrusion and the opinion of an examining physician who probably did not, the record simply will not sustain the finding that plaintiff's cervical impairment is not severe.  Without definitive findings upon this question, plaintiff's other claims cannot be fairly considered.

The decision is reversed and remanded for further proceedings consistent herewith.

Dated:  May 9, 2005.

    /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge